UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40251
Summary Calendar
_____


JOSEPH H. WILLIAMS,

Plaintiff-Appellant,

versus

JOHN HESTER,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(6:94 CV 566)
_____
(July 31, 1995)


Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Appellant Joseph H. Williams ("Williams"), proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). We affirm the dismissal of the district court for the following reasons:

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1.  In the instant case, Williams's claim that he was denied due process because the prison regulation required a captain or major (rather than a lieutenant such as the Appellee John Hester ("Hester")) to classify a disciplinary infraction is wholly without merit.  The classification called for by the prison regulation determines whether the disciplinary hearing will be classified as major or minor.  Williams was not harmed inasmuch as the instant disciplinary case was classified as minor rather than major.

2.  The trial court correctly determined that there was no showing that Hester was involved in the investigation or prosecution of Williams's infraction and also that Williams failed to show that Hester's action denied Williams a fair and impartial hearing.  Thus, Williams's claims based on Wolff v. McDonnell, 418 U.S. 539 (1974), are unavailing.

3.  The equal protection argument advanced by Williams is frivolous; Williams has made no showing that Hester intentionally discriminated against him by grading the infraction or that he suffered as a result of the unauthorized grading.  See Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988).

Lacking an arguable basis in law, the claims asserted by Williams were properly dismissed by the district court; certainly no abuse of discretion was occasioned by the dismissal.

AFFIRMED